CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: August 18, 2025)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JENNIFER BONILLA-EDGINGTON, | * | |
| | * | No. 20-194V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>David John Carney</u>, Green & Schafle LLC, Philadelphia, PA, for petitioner.
<u>Ryan Daniel Pyles</u>, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 24, 2020, Jennifer Bonilla-Edgington ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that she suffered aplastic anemia as a result of hepatitis B ("Hep B") vaccines she received on September 21, 2017, and February 22, 2018. Petition at Preamble (ECF No. 1). On December 19, 2024, the parties filed a joint stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 93).

On January 6, 2025, petitioner filed a motion for attorneys' fees and costs. Motion for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Attorney Fees and Costs ("Fees App.") (ECF No. 97). Petitioner requests compensation in the amount of $278,771.52, representing $214,360.75 in attorneys' fees and $64,410.77 in costs. Fees App. at 3-4. Pursuant to General Order No. 9, petitioner warrants that she has not incurred any costs in pursuit of this claim. Fees App. Ex. C. Respondent filed his response on January 8, 2025, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 98). Petitioner did not file a reply.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $253,435.33.**

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

### i. Reasonable Hourly Rates

Petitioner requests a total of $214,360.75 in attorneys' fees. Petitioner requests the following hourly rates for the work of her counsel, Mr. David Carney: $325.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, $450.00 per hour for work performed in 2024, and $475.00 per hour for work performed in 2024. Fees App. Ex. A. Additionally, for law clerks, Petitioner requests $157.50 per hour for work performed in 2024; and for paralegals: $145.00 per hour for work performed from 2019-2022, and $175.00 per hour for work performed from 2023-2025. Id. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and I find them to be reasonable herein. I shall also award the requested law clerk and paralegal time at the provided rates.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds that reduction is required. The undersigned recognizes that this case was relatively complex and involved an hematology-oncology expert and an immunology expert; however, the number of hours spent on certain aspects of this case was excessive. Of note, Mr. Carney spent approximately 75.3 hours ($28,972.50) reviewing medical literature supplied by the experts and reviewing the experts' respective reports, approximately 59.5 hours ($26,775.00) on "prehearing submissions," including reviewing and summarizing medical records, and drafting a brief, and approximately 190.7 hours ($83,328.75) with the law the law clerk on hearing preparation.[3] See Fees App. Ex. A.

In evaluating the reasonableness of billing, the amount of time spent on working on a case must be consistent with counsel's experience and corresponding billing rate. An attorney may not combine relatively high hourly rates with a relatively large number of hours unless circumstances warrant it. A relatively high hourly rate is warranted when an attorney possesses

---

[3] The undersigned notes that none of the time billed for hearing preparation included the hearing itself. On June 7, 2024, the hearing was continued indefinitely. See ECF No. 75.

knowledge and experience to work relatively quickly. See Larsen v. Sec'y of Health & Human Servs., No. 19-56V, 2024 WL 5377991, at *2 (Fed. Cl. Spec. Mstr. Nov. 15, 2024) (finding that spending 66.2 hours attorney and paralegal hours drafting the pre-hearing brief, 19.2 hour drafting a GBS brief, and 69.8 hours on hearing preparation was excessive); see also Barclay v. Sec'y of Health & Human Servs., No. 07-605V, 2014 WL 2925245, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2014) (finding that spending approximately 80 hours in continued work on expert reports, approximately 44 hours in writing a pretrial brief, approximately 44 hours in preparing for and participating in the hearing, and approximately 55 hours for writing one post-hearing brief was not reasonable). Mr. Carney possesses more than 15 years of experience practicing law, with about 14 of those years representing petitioners in the Vaccine Program. In the undersigned's experience, the amount of time counsel billed for reviewing the experts' medical literature and reports, prehearing research and brief writing, and hearing preparation was excessive.

Additionally, there are various entries for time completing administrative tasks. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Human Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). For example, attorney and paralegal time was billed for the following entries: "Filed Petition, Exhibit list and Cover Sheet with the Court electronically" "prepared and bates stamped exhibits 1-7; drafted NOF and filed exhibits" "received Respondent expert report filings; audited and saved to file" and "received records, downloaded, audited for accuracy, and saved to file the records . . . . " See Fees. App., Ex. A at 18-19, 26-27, 33 37-42, 50. There are more than 30 billing entries for clerical and administrative tasks, resulting in $6,151.00 in charged fees.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521. In this case, considering counsel's excessive billing and billing for clerical and administrative work, I find a 10% reduction in overall fees reasonable. This results in a reduction of **$21,436.08**. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $192,924.67.

### b. Attorneys' Costs

Petitioner requests a total of $64,410.77 in attorneys' costs. This amount is comprised of acquiring medical records, postage, legal research, the Court's filing fee, and expert services provided by Dr. Abhimanyu Ghose and by Dr. Abhi Singharoy. See Fees App. Ex. B.

4

Petitioner requests $35,100.00 for work performed by Dr. Ghose, which is 26 hours of work performed in 2021 and 2022, at a rate of $600.00 per hour, and 30 hours of work performed in 2024 at a rate of $650.00 per hour. Fees App. Ex. B at 73-75. Other hematologists in the Vaccine Program have been awarded less than what is requested by Petitioner and Dr. Ghose. See Bryce v. Sec'y of Health & Hum. Servs., No. 17-1832V, 2023 WL 5666165, at *7 (Fed. Cl. Spec. Mstr. July 18, 2023) (awarding $400.00 per hour to hematologist with over 30 years of experience); Ferguson v. Sec'y of Health & Hum. Servs., No. 17-1737V, 2022 WL 1467655, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2022) (awarding $500.00 per hour to pediatric hematologist/ oncologist with over 10 years of experience). However, without making any finding regarding the reasonableness of Dr. Ghose's rate(s), the undersigned finds that Dr. Ghose's billing, particularly in 2024, is excessive. According to his invoice, Dr. Ghose spent 14 hours reviewing the record, medical documentation, and previous reports; however, Dr. Ghose did not testify, nor did he produce an expert report in 2024. Fees App. Ex. B at 75. Additionally, Dr. Ghose's invoice states that he met with Mr. Carney and Dr. Singharoy for a total of nine hours between May 19, 2024, and June 6, 2024. Of note, Dr. Ghose billed "June 4-6 meeting with David Carney June 7 prep for direct Questionnaire." Id. However, Dr. Ghose's billing does not match Mr. Carney's billing for that same timeframe, calling into question the accounting of the time billed. Accordingly, the undersigned will reduce Mr. Ghose's billing for 2024 by 20%, resulting in a reduction of **$3,900.00**.

The undersigned has reviewed the remaining costs and finds them to be reasonable. Accordingly, petitioner is awarded final attorneys' costs of $60,510.77.

## II.   Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| Attorneys' Fees Requested | $214,360.75 |
|---|---|
| (Total Reduction from Billing Hours) | ($21,436.08) |
| **Total Attorneys' Fees Awarded** | **$192,924.67** |
|  |  |
| Attorneys' Costs Requested | $64,410.77 |
| (Reduction of Costs) | ($3,900.00) |
| **Total Attorneys' Costs Awarded** | **$60,510.77** |
|  |  |
| **Total Attorneys' Fees and Costs Awarded** | **$253,435.33** |

**Accordingly, the undersigned awards $253,435.33 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.